UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JENET CHRISTIAN and NEIDHRA
MAHENDRAN,

                Plaintiffs,                    **MEMORANDUM AND ORDER**
                                           Case No. 17-cv-04721 (FB) (RLM)

    -against-

METROPOLITAN SPECIALTY LABS,
INC., VADIM TEVELEV, and LEO
ABROMOVSKY,

                Defendants.
-------------------------------------------------x
Appearances:

*For Plaintiffs*:                     *For Defendants*:
JESSENIA MALDONADO        STEPHEN BARBARO
Law Office of Yuriy Moshes, PC    Alter and Barbaro
322 West 48th Street             26 Court Street
New York, NY 10036            Brooklyn, NY 11242

**BLOCK, Senior District Judge:**

Defendants move for reconsideration of the Court's August 2019 Factual Findings and Conclusions of Law and Judgment ("Judgment"), *see* Dkts. 44 & 45, entered in favor of Plaintiffs after a bench trial on claims brought under the Fair Labor Standards Act, 29 USC § 201, *et seq.*, New York State Labor Law, NYLL § 215, and New York State Wage Theft Prevention Act, NYSLL § 195. In relevant part, the Judgment awarded $141,359.70 to Plaintiff Christian, $38,591.98 to Plaintiff Mahendran, and $83,305.98 to both Plaintiffs jointly in attorneys' fees and costs. As explained herein, Defendant's motion for reconsideration is denied.

1

\* \* \*

Reconsideration is improper unless a movant can point to "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Defendants' argument for reconsideration is threefold:  First, they posit that the Court erred in calculating wages owed to Plaintiff Christian between October 2012 and January 2014 as "evidence and common sense" demonstrate Christian was compensated on a per diem basis over that period rather than her full salary, which the Court used in its Judgment. Dkt. 50-1 at 5. Second, Defendants maintain that both Plaintiffs were "supervisors" during portions of their claims and so are barred from FLSA-recovery during that time. *Id.* at 6. Third, Defendants "remind[]" the Court that Plaintiffs were unsuccessful on "portions of their case" and request that the award of attorneys' fees and costs be "reduced accordingly due to the severable unsuccessful claims." *Id.* at 7.

All three of Defendants' arguments were either presented to the Court or could have been presented to the Court during the underlying case-in-chief.

2

"Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. . . . Nor is it proper to raise new arguments and issues." *In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013); *see also Pabon v. New York City Transit Auth.*, 703 F. Supp. 2d 188, 203 (E.D.N.Y. 2010) ("Reconsideration . . . is merited only if [Defendants] can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (internal quotation omitted)).   In sum and substance, Defendants fail to identify any clear error, intervening change of law, or newly available evidence that justifies reconsideration of the Judgment.

* * *

For the reasons stated herein, Defendant's motion for reconsideration is denied.[1]

**SO ORDERED**.

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 12, 2020

---

[1] We need not address whether Plaintiff's opposition papers were timely, *see* Dkt. 51, as Defendant's motion fails irrespective of the arguments Plaintiffs advance therein.

3